IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DERRICK MONTRELL HENLEY, #113918                                   PETITIONER

VERSUS                                            CAUSE NO. 4:13-cv-87-CWR-FKB

ARTHUR L. SMITH, Warden                                               RESPONDENT

<u>MEMORANDUM OPINION</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Derrick Montrell Henley, an inmate at the Carroll/Montgomery Regional Facility, Vaiden, Mississippi, files this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

**I. Background**

Petitioner states that he was convicted on November 7, 2012, of possession of burglary tools in the Circuit Court of Neshoba County, Meridian, Mississippi. Pet. [1] at 1. He received a five-year sentence. *Id.* Petitioner's grounds for habeas relief are as follows:

> Ground 1 - [Petitioner was] convicted of a crime [he] was never charged with.
> Ground 2 - The court exceed[ed] the statute of limitation on getting [Petitioner] to trial.
> Ground 3 - The way [Petitioner's] trial was being conducted.
> Ground 4 - The testif[y]ing officer [was] lying on [the] stand.
> Ground 5 - Officer saying my headlights were off.
> Ground 6 - Fraudulent evidence.
> Ground 7 - My witnesses were never called.

*Id*. at 2-11. Additionally, Petitioner states that he has not presented these grounds to a higher state court because of his lack of resources and lack of knowledge in the area of the law. *Id*. at 13.

**II. Analysis**

After reviewing Petitioner's application for habeas corpus relief and applying a liberal construction as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court has come to the following conclusions.

Pursuant to 28 U.S.C. § 2254(b)(1), "a defendant must exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008)(citing *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001)). In order to meet the exhaustion requirement of 28 U.S.C. § 2254(b)(1), the habeas claim must have been fairly presented to the highest state court. *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004)(citing *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). A petitioner is not excused from exhausting available state court remedies merely because he is *pro se* or ignorant of the law. *See Fisher v. Johnson*, 174 F.3d 710, 714 n. 13 (5th Cir. 1999)(*citing Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992)(providing that *pro se* status and ignorance of the law does not constitute "cause" for failing to present a legal claim in a petition previously filed)); *Hannah v. Conley*, 49 F.3d 1193, 1196-97 (6th Cir. 1995)(*citing Ewing v. McMackin*, 799 F.2d 1143, 1151 (6th Cir. 1986)(determining that status as a *pro se* litigant does not excuse the failure to raise issues in state court)). As a general matter, a habeas petition is dismissed when the petitioner has not exhausted his claims in state court. *See Smith,* 515 F.3d at 400 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)).

Under Mississippi law, Petitioner has an available state remedy under the Mississippi Post-Conviction Collateral Relief Act, Mississippi Code Annotated §§ 99-39-1 to -29 (1972), as amended. Petitioner has three years after the entry of judgment of the conviction to file a motion under this statute. Miss. Code Ann. §§ 99-39-5 (2) (1972), as amended. Petitioner states that he was sentenced on November 9, 2012, and is clearly within the time period to file such a motion. Pet. [1] at 1. Because Petitioner has not exhausted his available state court remedies through the Mississippi Post-Conviction Collateral Relief Act, this Court finds that Petitioner has not met the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) and (c) and is not excused from meeting such exhaustion

requirement, *see Fisher*, 174 F.3d at 714 n. 13.  As such, Petitioner's request for habeas relief will be denied for failure to exhaust his state court remedies which are available to him.

**III. Conclusion**

Petitioner's request for habeas relief is dismissed without prejudice based on his failure to exhaust his state court remedies.

A Final Judgment in accordance with this Memorandum Opinion will be issued this date.

This the 24th day of May, 2013.

s/Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE